IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs May 22, 2018

## CHARLES D. JOHNSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bledsoe County**
**No. 2016-CR-14     Justin C. Angel, Judge**

_____

### No. E2018-00112-CCA-R3-HC

_____

The Petitioner, Charles D. Johnson, appeals the habeas corpus court's dismissal of his petition for writ of habeas corpus in which the Petitioner argued that he was never indicted on his convicted offense. After a thorough review of the record and applicable law, we affirm the dismissal of his petition in accordance with Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Charles D. Johnson, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Nicholas W. Spangler, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In 1998, the Petitioner pleaded guilty to first degree felony murder and especially aggravated robbery and received consecutive sentences of life and twenty-five years, respectively. The Petitioner has filed two prior petitions for habeas corpus relief. *See Charles D. Johnson v. State*, No. E2007-02018-CCA-R3-HC, 2008 WL 1875166, at *1-2 (Tenn. Crim. App. Apr. 28, 2008) *perm. app. denied* (Tenn. Aug. 25, 2008). The Petitioner asserted in his second petition that his first petition was "withdrawn without prejudice" but failed to include a copy of the first petition in the record. *Id.* at *2. In his second petition, the Petitioner alleged that his convictions were void because the State

had failed to produce records, including the indictment, documents related to the pleas, and transcripts of proceedings, to support his judgments. *Id.* at *1, 3. The habeas corpus court dismissed the petition, which was affirmed by this court on appeal. *Id.* at *3.

This appeal arises from the Petitioner's third petition for habeas corpus relief, in which he alleges that he was never indicted by a grand jury on the especially aggravated robbery charge. The State filed a motion to dismiss the petition on the grounds that the Petitioner failed to include his judgments or any other legal process related to his conviction or incarceration, failed to include copies of prior habeas corpus petitions and proceedings, and failed to allege that the trial court was without jurisdiction. The Petitioner responded to the State's motion and amended his petition, alleging that the trial court was without jurisdiction to issue a judgment or sentence since he was never indicted on the especially aggravated robbery charge. He attached uncertified copies of the judgment for the especially aggravated robbery conviction but still did not include his prior habeas corpus petitions. The habeas corpus court granted the State's "well taken" motion and dismissed the petition. The Petitioner timely appealed.

## ANALYSIS

Article I, section 15 of the Tennessee Constitution provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Habeas corpus relief may be sought by "[a]ny person imprisoned or restrained of liberty … to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101(a). The right to relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). We review the grant or denial of habeas corpus relief de novo with no presumption of correctness given to the findings and conclusions of the lower court. *Id.* at 255.

While the statutory language "appears broad, in fact, '[h]abeas corpus under Tennessee law has always been, and remains, a very narrow procedure.'" *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008) (quoting *Archer*, 851 S.W.2d at 162). A habeas corpus petition is used to challenge void and not merely voidable judgments. *Id.* at 255-56. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). A petitioner bears the burden of proving a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). The habeas corpus

court has authority to dismiss a petition when the petition shows the petitioner "would not be entitled to any relief." T.C.A. § 29-21-109. If the petition fails to establish that a judgment is void, the habeas corpus court is not obligated to hold a hearing on the allegations. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

Tennessee Code Annotated section 29-21-107 provides the formal requirements for an application or petition for writ of habeas corpus. A petition must state "[t]hat it is first application for the writ, or if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do." T.C.A. § 29-21-107(b)(4). The procedural requirements are mandatory and must be scrupulously followed. *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004); *Archer*, 851 S.W.2d at 165. A petition for relief may be denied by a habeas corpus court where a petitioner fails to comply with the statutory procedural requirements. *Summers*, 212 S.W.3d at 260; *see Hickman*, 153 S.W.3d at 21.

Here, the Petitioner has filed two prior petitions for habeas corpus relief, and neither petition was included in his current petition seeking relief. This, alone, is sufficient to justify the habeas corpus court's dismissal of the petition. *See Gary E. Aldridge v. State*, No. M2005-01861-CCA-R3-HC, 2006 WL 1132073, at *2 (Tenn. Crim. App. Apr. 28, 2006) (noting that the failure to follow the mandatory requirements of Tennessee Code Annotated section 29-21-107(b)(4) justifies dismissal of habeas corpus petition). Moreover, the Petitioner has failed to show that the trial court lacked jurisdiction over the offense. Nothing in the record, other than the Petitioner's own assertions in his petition, indicates that he was never indicted. The State correctly notes that even if there was no indictment, the Petitioner may have agreed to proceed by criminal information. The judgment is valid on its face. We, therefore, conclude that the habeas corpus court properly dismissed the Petitioner's petition.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the habeas corpus court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE